IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DROPBOX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| MOTION OFFENSE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DROPBOX, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT
OF PATENT NONINFRINGEMENT**

Plaintiff Dropbox, Inc. ("Dropbox") files this Complaint for Declaratory Judgment of noninfringement against Defendant Motion Offense, LLC ("Motion Offense") and in support of its Complaint alleges as follows:

**NATURE OF THE ACTION**

1.    This is an action for declaratory judgment seeking declarations of noninfringement under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

2.    This action arises from Motion Offense's assertion of U.S. Patent Nos. 10,013,158 ("the '158 patent") and 10,021,052 ("the '052 patent") (collectively, the "patents-in-suit").  Dropbox asserts claims for declaratory judgment of noninfringement of the patents-in-suit.

**THE PARTIES**

3.    Dropbox is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 333 Brannan Street, San Francisco, CA.

4.    On information and belief, Motion Offense is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 211 W. Tyler Street, Longview, Texas, 75601.

**JURISDICTION AND VENUE**

5.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  An actual and justiciable controversy exists between Dropbox and Motion Offense requiring a declaration by this Court.

6.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a).

7.    This Court has personal jurisdiction over Motion Offense because Motion Offense is incorporated in Delaware.

8.    Venue in this District is proper under 28 U.S.C. § 1391(b) and (c).

**PATENTS-IN-SUIT**

9.    The '158 patent, entitled "Methods, systems, and computer program products for sharing a data object in a data store via a communication," states on its face that it issued on July 3, 2018.  A copy of the '158 patent is attached as Exhibit 1.

10.   The '052 patent, entitled "Methods, systems, and computer program products for processing a data object identification request in a communication," states on its face that it issued on July 10, 2018.  A copy of the '052 patent is attached as Exhibit 2.

**FACTUAL BACKGROUND**

11.   On July 12, 2019, Motion Offense filed a complaint against Sprouts Farmers Market, Inc. and Sprouts Farmers Market Texas, LP d/b/a Sprouts Farmers Market (collectively, "Sprouts") in the U.S. District Court for the Western District of Texas, alleging infringement of the patents-in-suit.  No. 6:19-cv-00417, D.I. 1.  A copy of Motion Offense's complaint is attached as Exhibit 3.

12.   In its complaint, Motion Offense alleged that Sprouts' use of Dropbox Business infringes the patents-in-suit.  Ex. 3 (Complaint) ¶¶ 3, 17, 29; Exs. C, D, E.  The

only infringement allegations in the complaint are against functionality of Dropbox Business.

13.   Plaintiff has expended considerable effort and resources to design, develop, test, produce, and provide Dropbox Business.

14.   As a result of Motion Offense's allegations, there is an actual and justiciable controversy regarding the infringement of the patents-in-suit by Dropbox Business. Declaratory judgment is necessary and appropriate to determine the rights and obligations of Motion Offense and Dropbox.

## COUNT I
### (Declaratory Judgment of Noninfringement of the '158 patent)

15.   Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

16.   Motion Offense has asserted that it is the owner of the '158 patent.

17.   Motion Offense has asserted that use of Dropbox Business infringes at least claim 3 of the '158 patent.  *See* Ex. 3 (Complaint) ¶¶ 17-19; *Id.* at Ex. C ('158 patent, claim 3, claim chart).

18.   The use of Dropbox Business does not infringe claim 3 of the '158 patent, directly or indirectly, literally or under the doctrine of equivalents.  For example, Dropbox Business does not "send, to a second node via the at least one network," "at least one email message identifying the at least one folder and including a reference to the at least one folder."

19.   As a result of Motion Offense's allegations against Sprouts asserting that use of Dropbox Business is infringing, an actual and justiciable case or controversy exists between Motion Offense and Dropbox as to noninfringement of the '158 patent.

20.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. 28 U.S.C. §§ 2201 *et seq.*, and to resolve the legal and factual questions raised by Motion Offense and to afford

Dropbox relief from the uncertainty and controversy that Motion Offense's allegations have precipitated, Dropbox is entitled to a declaration that Dropbox does not infringe any claims of the '158 patent by making, using, selling, or offering to sell Dropbox Business.

## COUNT II
**(Declaratory Judgment of Noninfringement of the '052 Patent)**

21.    Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

22.    Motion Offense has asserted that it is the owner of the '052 patent.

23.    Motion Offense has asserted that use of Dropbox Business infringes at least claims 10 and 12 of the '052 patent.  *See* Ex. 3 (Complaint) ¶¶ 29-31; *id.* at Ex. D ('052 patent, claim 10, claim chart); *id.* at Ex. E ('052 patent, claim 12, claim chart).

24.    Dropbox Business does not infringe either claims 10 or 12 of the '052 patent, directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. First, Dropbox Business does not "after the message associated with the selection of the sixth user interface element is sent, receive, at the first node, a second message that includes a seventh user interface element, and that does not include a file attachment with the second message, the second message indicating that the file request has been addressed" (as recited in claim 10).  Second, Dropbox Business does not "in response to the receipt of the indication of the selection of the seventh user interface element, generate a second message that includes an eighth user interface element, and that does not include a file attachment with the second message, the second message indicating that the file request has been responded to; send, to the first node via the at least one network, the second message" (as recited in claim 12).

25.    As a result of Motion Offense's allegations against Sprouts that use of Dropbox Business is infringing, an actual and justiciable case or controversy exists between Motion Offense and Dropbox as to noninfringement of the '052 patent.

26.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. 28 U.S.C. §§ 2201 *et seq.*, and to resolve the legal and factual questions raised by Motion Offense and to afford Dropbox relief from the uncertainty and controversy that Motion Offense's allegations have precipitated, Dropbox is entitled to a declaration that Dropbox does not infringe any claims of the '052 patent by making, using, selling, or offering to sell Dropbox Business.

## PRAYER FOR RELIEF

WHEREFORE, Dropbox requests that the Court enter judgment in its favor and against Motion Offense as follows:

(a)     Declaring that Plaintiff has not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '158 or '052 patents;

(b)     Preliminarily and permanently enjoining Motion Offense from asserting or threatening to assert against Dropbox or its customers, potential customers, or users of Dropbox Business, any charge of infringement of the patents-in-suit;

(c)     Awarding Dropbox its costs and reasonable attorneys' fees; and

(d)     Awarding Plaintiff any further relief that the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Gregory H. Lantier
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6000

Monica Grewal
Yvonne S. Lee
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6692

Alexis J. Pfeiffer
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
(650) 858-6052

August 14, 2019