**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

DROPBOX, INC.,

        Plaintiff,

   v.

MOTION OFFENSE, LLC,

        Defendant.

C.A. No. 19-1521 (RGA)

**JURY TRIAL DEMANDED**

**DEFENDANT'S REPLY BRIEF IN SUPPORT**
**OF ITS MOTION TO DISMISS, TRANSFER OR STAY**

/s/ Timothy Devlin
Timothy Devlin (#4241)
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE  19801
Telephone:  (302) 449-9010
tdevlin@devlinlawfirm.com
Attorneys for Defendant
Motion Offense, LLC

DATED:  November 12, 2019

# **TABLE OF CONTENTS**

I.      NATURE AND STAGE OF PROCEEDINGS ..................................................................... 1

II.     SUMMARY OF ARGUMENT ........................................................................................... 2

   A.   The Court Should Transfer this Case to the Western District of Texas if Judge Albright
        Denies Sprouts' Motion to Stay ................................................................................ 3

   B.   The Private and Public Interests Favor Transfer ............................................................ 3

III.    CONCLUSION ................................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Drew Techs., Inc. v. Robert Bosch, LLC*,
  No. 11-15608,
  2012 WL 314049 (E.d. Mich. Jan. 31, 2012) ..........................................................................5

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (D. Del. 1995)...................................................................................................3, 4

## I.      NATURE AND STAGE OF PROCEEDINGS

Prior to the commencement of this action, on July 12, 2019, Motion Offense, LLC ("Motion Offense"), the defendant in the present declaratory judgment action, filed suit against Sprouts Farmers Market, Inc. and Sprouts Farmers Market Texas LP (collectively "Sprouts") in the Western District of Texas (the "Texas Case"), alleging infringement of U.S. Patent Nos. 10,013,158 and 10,021,052 (collectively "patents in suit").

Plaintiff, Dropbox Inc., filed the present declaratory judgment complaint on August 14, 2019 concerning the same patents in suit.

On October 7, 2019 Motion Offense filed its motion to dismiss, transfer or in the alternative stay the present proceeding.  (D.I. 9.)  Motion Offense contested jurisdiction as Dropbox had not indicated it was indemnifying Sprouts and Motion Offense had not been involved in any pre-suit communications with Dropbox.  (D.I. 9 at 9.)  It also sought in the alternative to transfer the Dropbox action to the Western District of Texas or to stay proceedings pending the outcome of the Texas Case.  On October 21, 2019, Dropbox filed its First Amended Complaint (D.I. 10) in which it alleged, among other things, that it would not oppose indemnifying Sprouts in the Texas Action (D.I. 10 at 4).

Meanwhile in the Texas Case, Sprouts filed a motion to stay on September 6, 2019 in view of Dropbox's declaratory judgment complaint.  Motion Offense opposed Sprouts motion on September 13, 2019.  Sprouts filed a reply on September 20, 2017.  Judge Albright held a hearing on Sprout's motion to stay on October 30, 2019.  A copy of the transcript is attached as Exhibit 2.  At the hearing, Sprouts confirmed unequivocally that Dropbox has agreed to indemnify it: "Yes, Your Honor.  Maybe to even put it more clearly, ***Dropbox is indemnifying Sprouts in connection with this action.***" (Ex. 2 at 30.)[1]  Judge Albright gave Motion Offense

---

[1] Unless otherwise indicated, emphasis in this Brief has been added.

the opportunity to seek leave to add Dropbox as a party; however, Motion Offense elected not to add Dropbox at this time and instead to have Judge Albright rule on Sprouts' motion with the existing parties to the Texas Case, with the understanding that Dropbox would at least participate as an indemnitor of Sprouts.  Judge Albright indicated he would rule on Sprouts' motion "pretty quickly."  (Ex. 2 at 36.)

In view of Dropbox's representations regarding indemnifying Sprout in its First Amended Complaint and Sprout's judicial admission in the Western District of Texas, Motion Offense no longer contests an actual justiciable controversy exists here.  Nevertheless, Motion Offense maintains that this action should be transferred to the Western District of Texas, or at least that a decision on this Motion wait until Judge Albright's ruling.

## II.    SUMMARY OF ARGUMENT

Dropbox and Sprout have gone on record that Dropbox is indemnifying Sprouts.  (D.I. 10 at 4; Ex. 2 at 30.)  Given the change in the posture of this case based on Dropbox's indemnification admission, confirmed by Sprouts, this case should be transferred to the Western District of Texas.  If Sprouts' motion to stay is denied in Texas, it will moot arguments regarding the customer suit exception and eliminate the need for a redundant second lawsuit before this Court.  Dropbox will be an indemnitee and has already committed to indemnifying Sprouts in the Texas Case.  There will be no reason to clog the judicial system with a second, duplicative lawsuit concerning the same patents in suit and overlapping subject matter.

Accordingly, Motion Offense respectfully requests that the Court transfer Dropbox to the Western District of Texas where it has already indicated it will participate (at a minimum) as an indemnitee, or at a minimum defer decision on this Motion until after Judge Albright rules on the motion to stay in the Texas Case.

A.    **The Court Should Transfer this Case to the Western District of Texas if Judge Albright Denies Sprouts' Motion to Stay**

The Texas Case is indisputably the first filed action.  If Sprouts' motion is denied, the Texas Action will proceed and Dropbox has already committed to participating in that action at a minimum as an indemnitee.  There is no reason for this Court to entertain a second, later filed lawsuit involving substantially overlapping subject matter that involves essentially the same parties.  That would be the antithesis of judicial economy.

Further, any argument by Dropbox against transfer based on convenience is mooted by its agreement to indemnify Sprouts in the Texas Action and the incontestable fact the Texas Action was filed first.  That is, Dropbox is already prepared to participate in the Texas Case.  Its arguments about flights, witnesses in North Carolina, and every other convenience factor are obviated.  Claims of prejudice ring hollow when a party has already agreed to indemnify other parties in any forum in which they are sued.  Indeed, the main premise for Dropbox's opposition to transfer based on the customer suit exception will have been decided and rendered moot.  Its opposition to Motion Offense's motion to transfer the case will likewise essentially be rendered moot.

B.    **The Private and Public Interests Favor Transfer**

Further, looking at the private and public interests that govern transfers under § 1404(a), they overwhelmingly favor transfer in this case.  The private interests include Plaintiff's choice of forum, defendant's preference, whether the claims arose elsewhere, the convenience of the parties as indicated by relative physical and financial condition, convenience of the witnesses to the extent they may be unavailable for trial, and the location of relevant records.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (D. Del. 1995).

The public interests include the enforceability of the judgment, practical considerations related to making trial expeditious or inexpensive, relative administrative difficulty resulting

3

from court congestion in the two fora, local interests in deciding controversies at home, public policies of the fora and familiarity with the Court regarding the applicable law. *Id.* at 879-80.

Regarding Plaintiff's choice of forum, the weight accorded to Dropbox's choice is minimized in the event that Judge Albright denies Sprouts' motion because it is then Motion Offense's choice of forum in the first filed suit that should be given deference. Likewise, Defendant's preference in this action is to have the Texas Case proceed. Dropbox and Sprout have already agreed that Dropbox will indemnify Sprout in the Western District of Texas. Dropbox's complaints against litigating in that forum are in significant tension with its agreement to do just that, and do not outweigh Motion Offense's preference in forum.

Dropbox's arguments regarding convenience also are undermined significantly by its agreement to indemnify Sprout in the Texas Case. Dropbox asserts with no explanation that because the two parties are incorporated in Delaware, that somehow makes this Court more convenient. But it is clear that does not necessarily follow and Dropbox's unsubstantiated argument should be given little to no weight. Moreover, its statements that the technology was developed in San Francisco or Seattle and that the patents in suit have named inventors in North Carolina do not actually demonstrate any greater convenience in Delaware as opposed to the Western District of Texas. Dropbox concedes that for its employees, travel to Delaware may be at least as convenient as travel to Waco. Dropbox also makes much of the location of the inventors in North Carolina, but the inventors are not employees of Dropbox and should not factor into its convenience litigating in the various forums. Indeed, Motion Offense is informed by the inventor Paul Morris that he will voluntarily appear in the Western District of Texas for trial.

Dropbox also argues that the interests of justice favor denying transfer because of the customer suit exception. But as explained above, transfer is predicated at least in part on denial

4

of Sprouts' motion to stay based on the customer suit exception.  In that event, Dropbox's entire argument becomes irrelevant.[2]  *See Drew Techs., Inc. v. Robert Bosch, LLC*, No. 11-15608, 2012 WL 314049, at *6 (E.d. Mich. Jan. 31, 2012).

Nor is this a situation where Dropbox cannot be added to the Texas case.  Dropbox's admission in in its First Amended Complaint (D.I. 10 at 4), confirmed by Sprouts' admission at the October 30, 2019 hearing (Ex. 2 at 26), have effectively established that Dropbox is subject to jurisdiction in the Texas Case.  Transfer to the Western District of Texas would consolidate these two overlapping actions and promote judicial economy.  Even in the event Judge Albright stays the case, Motion Offense could seek leave to add Dropbox and lift the stay based on Dropbox being subject to jurisdiction there.  In essence, Dropbox has agreed to participate in the Texas Case with Sprout, but seeks to have a second bite at the apple in Delaware.  That does not promote any of the interests that factor into a transfer analysis under § 1404(a).

## III.    CONCLUSION

For the reasons set forth above, Motion Offense respectfully requests that Motion Offense's motion to transfer be granted.

---

[2] For the avoidance of doubt, Motion Offense reserves the right to seek leave to add Dropbox to the Texas Case in the event Judge Albright grants Sprouts' motion to stay, as well as the right to seek to have the stay lifted in the event Dropbox is subsequently added.

Dated: November 12, 2019                DEVLIN LAW FIRM LLC


                                        */s/ Timothy Devlin*
                                        Timothy Devlin (No. 4241)
                                        1526 Gilpin Avenue
                                        Wilmington, DE 19806
                                        (302) 449-9010
                                        tdevlin@devlinlawfirm.com

                                        *Attorneys for Defendant Motion Offense, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system on November 12, 2019.

 /s/ <u>*Timothy Devlin*</u>
Timothy Devlin
